IN RE CHARLES SCHRAGE.

DRUNKARDS: Hospital for Inebriates—Commitments—Quantity of
1   Proof. Proof "beyond all reasonable doubt" is not required in
    a proceeding to commit a drunkard to the Hospital for Inebriates. (Sec. 2310-a13, Code Supp., 1913.)

**DRUNKARDS:**    Hospital for Inebriates—Commitments—Evidence.
2   On the trial of an application to commit to the Hospital for
    Inebriates, it may be shown, without an amended pleading
    specifically covering the point, that the defendant's intem-
    perate habits continued *up to the day of trial.*

**APPEAL AND ERROR:**   Notice of Appeal—Notice Preceding Judg-
3   ment.  It is immaterial that notice of appeal was served prior
    to the entry of judgment, when such entry properly precedes
    the filing of abstract.   (Sec. 4114, Code Supp., 1913.)

*Appeal from Grundy District Court.*—GEO. W. DUNHAM,
Judge.

OCTOBER 29, 1917.

REHEARING DENIED FEBRUARY 9, 1918.

APPEAL from the commitment of appellant to the Hos-
ital for Inebriates.—*Affirmed.*

*Bradford & Johnson,* for appellant.

*H. M. Havner,* Attorney General, and *H. A. Willoughby,*
County Attorney, for appellee.

SALINGER, J.—I. Three points are urged upon us:   (1)
That the evidence does not sustain the verdict of the jury
finding that plaintiff was an inebriate.   (2) The court failed
to instruct that appellant "must be found guilty of the
charge beyond a reasonable doubt."   (3) It was error to
admit evidence of drunkenness after the filing of the infor-
mation or petition, without an amendment thereto.

We have given the record a careful reading, and find
the evidence to be in such state as that we may not inter-
fere with the finding of the jury that appellant was an in-
ebriate.

II. The complaint of failing to charge
1. DRUNKARDS:   that the evidence must establish what is
hospital for
inebriates:    charged beyond reasonable doubt, invokes
commitments:
quantity of   what rules in criminal cases only.   This pro-
proof.
ceeding is a civil proceeding.   Code Supple-
ment, 1913, Sec. 2310-a13.

III. The complaint that petitioner was permitted to put in evidence of drunkenness subsequent to the filing of the petition, without an amendment thereof, rests upon another misconception. This is not an adversative proceeding. It is not instituted to deprive defendant of some right he possesses, nor to punish him. The controlling question is whether he is in such condition as that he should be sent to a hospital, for his own benefit and that of the state. The ultimate inquiry is, necessarily, whether he *is* in such state at the time when the verdict is being considered. Had he been never so much of a drunkard in the past, if he showed that, at the time of the hearing, he had become a sober man, he should not be sent to the hospital. It should follow that it is proper to take into consideration whether, at the time when the verdict is being formed, he not only was, but still is, a fit subject for commitment. It may be conceded that a foundation for introducing the evidence of drunkenness later than the filing of the original petition should be by amendment. We are unable to find that failure to amend here was or could have been prejudicial. The appellant was certainly in position to deny this testimony of subsequent acts of drunkenness. If he felt he needed and could obtain other testimony in denial, he could have saved that right by applying for a continuance, and coming to us with a complaint that it had been refused him. He made no such application.

2. DRUNKARDS: hospital for inebriates: commitments: evidence.

As the State insists, and we find, that this was a civil proceeding, the appeal of the appellant, perfected after his motion for new trial had been overruled, entitles him to a hearing here, though he appeal before a final judgment was entered. Wherefore, the motion to dismiss the appeal is denied.

3. APPEAL AND ERROR: notice of appeal: notice preceding judgment.

We find no reversible error, and the action of the trial court must be—*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.